IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WASHINGTON DAVIS,<br><br>  *Plaintiff*,<br><br>v.<br><br>The CITY OF NEW YORK; The STATE OF NEW YORK; The UNITED STATES OF AMERICA; and BCBG MAX AZRIA GROUP, INC.,<br><br>  *Defendants*. | CIVIL ACTION NO.<br>5:21-cv-00156-TES |

**ORDER**

Contemporaneously with his Complaint [Doc. 1], *pro se* Plaintiff Washington Davis moved the Court to allow him to proceed *in forma pauperis* in this action. Since the Court, as discussed below, **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2] and waives his filing fee, it must also screen his Complaint pursuant to 28 U.S.C. § 1915(e). The Court address both issues in detail below: first, focusing on Plaintiff's request to proceed *in forma pauperis* and then conducting the required preliminary screening.

  A.  <u>**Plaintiff's Motion for Leave to Proceed *In Forma Pauperis***</u>

Authority for granting a plaintiff permission to file a lawsuit without prepayment of fees and costs is found in 28 U.S.C. § 1915, which provides as follows:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A plaintiff's application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* at 1307. After review of Plaintiff's application, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2] or, stated differently, grants him IFP status.

B.    **Frivolity Review**

Having granted Plaintiff IFP status, the Court must now screen his Complaint to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e).[2] The proper contours of the term "frivolous," have been

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[2] The Eleventh Circuit has determined that "28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam). The Court can also dismiss a case at any time if it determines that the action is frivolous or malicious or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under 28 U.S.C. § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints[]").

More specifically, in order to survive this initial screening, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Such dismissal procedure—operating on the assumption that the factual allegations in the complaint are true—streamlines litigation by dispensing with unnecessary discovery and factfinding. *Neitzke*, 490 U.S. at 326. "Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously unsupportable." *Id.* at 327. To the contrary, if it is clear, as a matter of law, that no relief could be granted under "any set of facts that could be proven with the allegations," a claim must be dismissed. *Id.* (quoting *Hishon*, 467 U.S. at 73).

On the other hand, frivolity review under 28 U.S.C. § 1915(e), has a separate function—designed to discourage the filing of, and waste of judicial and private

resources upon, baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing a civil action. *Neitzke*, 490 U.S. at 327. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and 28 U.S.C. § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

    C.    **Plaintiff's Complaint**

Complaints filed by *pro se* plaintiffs are construed liberally, and their allegations are held to a less stringent standard than formal pleadings drafted by lawyers. *Powers v. Sec'y U.S. Homeland Sec.*, --- F. App'x ----, 2021 WL 446011, at *3 (11th Cir. 2021). While there may only be one operative complaint in a lawsuit, Plaintiff filed two in this case. However, in keeping with this liberal-construction standard, the Court notes that Plaintiff's "Additional Complaint" [Doc. 1-1] includes additional content as well as the same content from the main Complaint [Doc. 1]. *Compare* [Doc. 1] *with* [Doc. 1-1]. Thus,

the Court will use contents from Plaintiff's "Additional Complaint" in presenting its recitation of facts.

The factual allegations in Plaintiff's "Additional Complaint" can best be surmised as this:

Supposedly, as a result of an x-ray obtained on March 19, 2021, Plaintiff learned that his throat-related problems were due to "Dysphagia status post strangulation." [Doc. 1-1, p. 6]. Plaintiff surmises that his throat problems were caused by a correctional officer at the Clinton Correctional Facility in New York on December 27, 1984. [*Id.*]. According to Plaintiff, this correctional officer grabbed Plaintiff around his neck and tried to "strangle" him. [*Id.*]. After the 15-miniute incident, Plaintiff claims that he "was denied medical attention to cover up the matter." [*Id.*].

### 1. Plaintiff's Claims Under 42 U.S.C. § 1983

First, liberally construing Plaintiff's allegations, he appears to be asserting claims under 42 U.S.C. § 1983 for the Eighth Amendment's prohibition against cruel and unusual punishment and deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976). "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the [case] has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). Although Plaintiff's claims occurred in New York, he filed his lawsuit in a Georgia district court. Therefore, the Court looks to Georgia law to determine the

limitations period, which is two years. O.C.G.A. § 9-3-33 ("Except as otherwise provided in this article, actions for injuries to the person shall be brought within two years after the right of action accrues . . . ."). Thus, to the extent Plaintiff seeks monetary damages for this incident it appears that his claims are barred by Georgia's two-year statute of limitations. And when a claim is time-barred, a plaintiff will not be able to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

A statute-of-limitations bar, however, is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in his complaint. *La Grasta v. First Union Secs., Inc.*, 385 F.3d 840, 854 (11th Cir. 2004). Thus, in order for a court to properly dismiss a claim as time-barred prior to service sua sponte, "it must 'appear beyond a doubt from the complaint itself that [the plaintiff] can prove no set of facts which would avoid a [statute-of-limitations] bar.'" *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (quoting *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1280 (11th Cir. 2001) (per curiam)). Here, based on the nature of Plaintiff's allegations within his Additional Complaint (and from his main Complaint as well), it appears "beyond a doubt" that no set of facts would support a finding that the statute of limitations has been tolled since December 27, 1984. Accordingly, the Court **DISMISSES** Plaintiff's § 1983 claims **without prejudice**.

Should Plaintiff seek to reassert these or other related claims in another lawsuit, the Court notes that none of the potential defendants either formally named in this

lawsuit or listed in Plaintiff's factual descriptions are Georgia citizens. *See generally* [Doc. 1]; [Doc. 1-1]. Most, if not all, of them are New York citizens, and any harm Plaintiff claims to have suffered, be it by judges in 1984 or at the Clinton Correctional Facility in 1984 occurred in New York. Thus, the Middle District of Georgia is not the correct venue for Plaintiff to bring his claims. 28 U.S.C. § 1391(b).

### 2. Plaintiff's Claims Under 18 U.S.C. §§ 242, 371, 402

Second, statutes under the United States criminal code, like the conspiracy-based ones listed in Plaintiff's main Complaint, do not provide a private right of action. [Doc. 1, p. 4]; *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1327 (N.D. Ga. 2009) (citing *Gipson v. Callahan*, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997)) ("Title 18 U.S.C. § 242 makes it a crime to willfully deprive persons under color of law of their rights under the Constitution or laws of the United States. The statute does not create a private cause of action."); *Morales v. May*, No. 6:09-cv-354-Orl-35GJK, 2009 WL 10712725, at *2 (M.D. Fla. Apr. 15, 2009) ("Moreover, 18 U.S.C. § 371 is a criminal statute and, as such, it does not convey a private right of action."); *Green v. U.S.*, 356 U.S. 165, 180 n.10 (1958) (noting that 18 U.S.C. § 402 contains the definitional provision formerly in § 21 of the Clayton Act and expressly refers to 18 U.S.C. § 3691, which provides that contempts falling within this definition are subject to trial by jury); *Rockefeller v. United States Ct. of Appeals Office*, 248 F. Supp. 2d 17, 23 (D. D.C. 2003) (no private right of action to enforce criminal statutes); *Willing v. Lake Orion Comm. Schs. Bd. of Trs.*, 924 F. Supp. 815, 818

(E.D. Mich. 1996) (claim should be dismissed because criminal statute does not provide a basis for civil liability). Thus, to the extent Plaintiff attempts to assert claims for violations of 18 U.S.C. §§ 242, 371, and 402, they are **DISMISSED without prejudice**.

### 3. Plaintiff's Representation of Mageedah Akhtab

Third, Plaintiff states in his Additional Complaint that he is asserting similar conspiracy-based claims on behalf of "his client . . . Mageedah Akhtab." [Doc. 1-1, pp. 9–11]. According to Plaintiff's allegations, Ms. Akhtab commenced an action in the Southern District of New York against her employer, BCBG Max Azria Group, Inc., for workplace discrimination. [*Id.* at p. 9]. While not entirely clear, it appears that Plaintiff seeks redress for Ms. Akhtab for certain judicial acts from the Southern District of New York. [*Id.* at pp. 10–11]. However, judicial errors in Ms. Akhtab's discrimination case, if any, must be appealed, by her or her duly-licensed attorney, to the United States Court of Appeals for the Second Circuit, not to the United States District Court for the Middle District of Georgia. Even if Plaintiff could assert the claims he makes in his Additional Complaint in this court, there is nothing on the record showing that he may do so on Ms. Akhtab's behalf.

Plaintiff, who is not an attorney licensed to practice law either in the Middle District of Georgia or in the State of Georgia, signed and filed a portion of his Additional Complaint on behalf of Ms. Akhtab. *See, e.g.*, [Doc. 1-1, p. 9]. The Court's local rules unequivocally state,

> To be eligible to practice in this court an attorney must have been admitted to practice in the trial courts of the State of Georgia and be an active member in good standing of the State Bar of Georgia. Only attorneys who are admitted to practice in this Court, or who have otherwise obtained permission under Rule 83.1.2c, may appear as counsel.

LR 83.1.1B, MDGa. Simply put, a non-attorney may not represent others in court. Order, *Walker v. Butts Cnty.*, No. 5:18-cv-00155-TES-CHW, (M.D. Ga. Oct. 17, 2018), ECF No. 12.

### D.  Conclusion

Upon review of Plaintiff's Complaint [Doc. 1] and Additional Complaint [Doc. 1-1], it is clear that the claims asserted therein should be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e).[3]

**SO ORDERED**, this 6th day of May, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] In light of the Court's dismissal of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e), his Motion to Show Cause [Doc. 3] is **TERMINATED as moot**.