# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **WASHINGTON DAVIS,**  *Plaintiff*,  v.  **The CITY OF NEW YORK; The STATE OF NEW YORK; The UNITED STATES OF AMERICA; and BCBG MAX AZRIA GROUP, INC.,**  *Defendants*. | **CIVIL ACTION NO.**  **5:21-cv-00156-TES** |

## ORDER DENYING MOTION FOR RECONSIDERATION

Upon frivolity review, the Court dismissed the claims in Plaintiff Washington Davis' Complaint [Doc. 1] and Additional Complaint [Doc. 1-1] without prejudice. [Doc. 4, p. 9]. Now, Plaintiff seeks reconsideration of that Order [Doc. 4] and the Judgment [Doc. 5] dismissing his case. [Doc. 5, p. 1]. Plaintiff's filing states that he is moving the Court for reconsideration under Federal Rule of Civil Procedure 60(a).[1] [Doc. 6-1, p. 1]. However, with consideration to his *pro se* status, the Court **CONSTRUES** his motion as one under Rule 60(b) or as one under Local Rule 7.6 since he moved for reconsideration within 14 days of the entry of Judgment.

---

[1] Rule 60(a) motions are reserved for clerical mistakes. Fed. R. Civ. P. 60(a).

Motions under Rule 60(b) and motions for reconsideration under a court's local rules are decided under different standards. *Compare Sanders v. Wal-Mart Stores East LP*, 829 F. App'x 500, 501 (11th Cir. 2020) (mem.) (quoting *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006)) *with Bryant v. Walker*, No. 5:10–CV–84, 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78 (HL), 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)).

First, relief from a judgment under Rule 60(b) is allowed due to:

> (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence" which could not have been discovered earlier "with reasonable diligence"; (3) fraud, misrepresentation, or an adverse party's misconduct; (4) a void judgment; (5) satisfaction, release, or discharge, or the prior judgment's reversal or vacatur, or it would not be equitable to apply the judgment prospectively; or (6) "any other reason that justifies relief."

*Sanders*, 829 F. App'x at 501 (quoting Fed. R. Civ. P. 60(b)(1)–(6)) (affirming district court's dismissal of a *pro se* litigant's case). The Eleventh Circuit has consistently held that "motions [under this provision] must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief.'" *Sanders*, 829 F. App'x at 501 (quoting *Cano*, 435 F.3d at 1342). "Even then, whether to grant the requested relief is a matter for the district court's sound discretion." *Id.* Since relief under Rule 60(b)(6) is "an extraordinary remedy," it may only be invoked "upon a showing of exceptional circumstances." *Sanders*, 829 F. App'x at 501 (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).

Second, pursuant to local rules, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.6, MDGa. Accordingly, such motions are appropriate only if Plaintiff demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant*, 2010 WL 2687590, at *1 (quoting *Wallace*, 2006 WL 1582409, at *2).

Plaintiff argues that reconsideration is warranted "on the grounds" that the Court made "error, misapplied controlling law, misapprehended material facts," "overlooked material evidence[,]" "failed to address several causes of action[,]" and "improperly addressed" the ones it did consider. [Doc. 6-1, pp. 1, 3]. Based on these arguments, Plaintiff's motion for reconsideration is better suited under the manifest-injustice provision of the local rule's standard, not Rule 60(b).

As an initial matter, Plaintiff argues that the Court erred when it ruled that his statute-of-limitations periods had expired notwithstanding "the deliberate deception" by the Defendants. [*Id.* at p. 2]. Section 1983 claims—be they for false arrest, false imprisonment, malicious prosecution, or Eighth Amendment violations—are all guided by the same principle. *See* [Doc. 6-1, p. 5].

- The limitations period for filing a claim under 42 U.S.C. § 1983 is controlled by state law. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985). In

Georgia, the proper limitations period for a § 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33. *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when the plaintiff knows or has reason to know he has been injured, and he is or should be aware of who injured him. *Id.* at 562; *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).

- Similarly, 42 U.S.C. § 1985(3)—Depriving persons of rights or privileges—does not provide a statute of limitations. "Accordingly, the federal courts apply the most analogous state statute of limitations to such cases." *Newberger v. U.S. Marshals Serv.*, 751 F.2d 1162, 1165 (11th Cir. 1985) (discussing claim under 42 U.S.C. § 1985(1)). It is well established that claims for slander, libel, and conspiracy to libel and slander involve injuries to the reputation and not injuries to the person. *Lee v. Gore*, 472 S.E.2d 164, 167–68 (Ga. Ct. App. 1996). Thus, the applicable limitations period for such claims under Georgia law is one year. O.C.G.A. § 9-3-33. To the extent Plaintiff's claims could be interpreted as conspiracy-based injuries to the person, the limitations period would be the same as the

period for his § 1983 claim—two years. *Id.* In either event, as explained below, the statute of limitations has long expired. Moreover, where a tort claim fails as a matter of law—pursuant to an expired statute-of-limitations period, for instance—a conspiracy claim also fails. *Jenkins v. Wachovia Bank, Nat. Ass'n*, 711 S.E.2d 80, 85 (Ga. Ct. App. 2011) ("A conspiracy is a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means. To recover damages for a civil conspiracy claim, a plaintiff must show that two or more persons, acting in concert, engaged in conduct that constitutes a tort. Absent the underlying tort, there can be no liability for civil conspiracy.").

- To the extent Plaintiff asserted state-law claims for malicious slander and malicious defamation of character, in addition to those for his § 1985 claim, Georgia law prescribes the same one-year limitations period. O.C.G.A. § 9-3-33; [Doc. 6-1, p. 2].

Upon review of Plaintiff's arguments in his motion, it is palpably clear that the Court was correct to conclude that "no set of facts" would avoid any statute-of-limitations bar. *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (quoting *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1280 (11th Cir. 2001) (per curiam)). Thus, the Court was

correct to dismiss his claim under § 1983 as well as his conspiracy-based claim under 42 U.S.C. § 1985.

Since, at least, May 12, 1984; June 7, 1984; August 11, 1984; October 13, 1984; October 24, 1984; and October 31, 1984, Plaintiff has known about his alleged injuries. [Doc. 6-1, pp. 6–7]; *see also* [Doc. 6-2]. He did, after all, file six notices of claims regarding them. He obviously knew or had reason to know that he had been injured and because of that, federal law determines that his date (or dates) of accrual has long since passed. *Rozar*, 85 F.3d at 561–62; *Mullinax*, 817 F.2d at 716. Accordingly, Plaintiff's Motion for Reconsideration [Doc. 6] with respect to his statute-of-limitations arguments is **DENIED**. Likewise, any requests for reconsideration with respect to the Court's previous dismissal of his claims under Title 18 of the United States Code or the Court's reasoning regarding his non-attorney representation of Mageedah Akhtab are **DENIED**. *See, e.g.*, [Doc. 6-1, pp. 3, 9–10].

Again, the Court reminds Plaintiff that it dismissed his claims without prejudice. [Doc. 4, p. 9]. Therefore, should he wish to refile his claims in another lawsuit, he may do so. However, as a final note, the Court urges Plaintiff to be mindful of *where* he files his lawsuit. Plaintiff argues that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332. [Doc. 6-1, p. 10]. And although he may satisfy § 1332's requirements, his Complaint alleges questions of federal law. *See* [Doc. 1]. Therefore, the Court has subject-matter jurisdiction under 28 U.S.C. § 1331 as well. Even though the Court, like

6

the federal district courts in New York, could have exercised subject-matter jurisdiction over the claims asserted in this case (had they been timely asserted), the Middle District of Georgia is not the appropriate venue. Plaintiff claims that venue is "proper so long as the plaintiff commences such proceeding in the [c]ounty in which he or she lives." [Doc. 6-1, p. 10]. In federal court,

> [a] civil action may be brought in—
>
> (1) a judicial district in which any *defendant* resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (emphasis added). Thus, because all of Plaintiff's alleged injuries occurred in the State of New York, *see* 28 U.S.C. § 1391(b)(2), the Middle District of Georgia—with the exception of Plaintiff's claims against the United States—is an improper venue. *Id.* With respect to Plaintiff naming the United States of America as a Defendant, 28 U.S.C. § 1391(e)(1)(C) provides that civil actions in which a defendant is an officer or employee of the United States may be brought in any judicial district where "the plaintiff resides if no real property is involved in the action." However, to state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute

of the United States; and (2) the act or omission was committed *by a person* acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003). Here, Plaintiff's Complaint [Doc. 1] does not name a single person as a defendant and naming the United States Attorney General—Merrick Garland—does not suffice under the allegations asserted therein. *See, e.g.*, [Doc. 1, pp. 1–2]. Therefore, notwithstanding the statute-of-limitations bar to his § 1983 claim in this case, any future claims brought under § 1983 need to be alleged properly. In other words, Plaintiff needs to include, to the extent possible, the names of those he alleges violated his constitutional rights.

The Court's Order [Doc. 4] and Judgment [Doc. 5] dismissing Plaintiff's case shall stand as filed. The Court certifies, pursuant to 28 U.S.C. 1915(a)(3), that any appeal in this case would not be taken in good faith, and therefore IFP status is **DENIED** for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 348, 444–45 (1962); *see also* Order of Dismissal, *Davis v. Gabbay*, No. 1:11-cv-04658-LAP, (S.D.N.Y. July 11, 2011), ECF No. 4; Order of Dismissal, *Davis v. Hecht*, No. 1:13-cv-06448-LAP, (S.D.N.Y. Nov. 26, 2013), ECF No. 6 (citing *Coppedge*, 369 U.S. at 444–45); Order of Dismissal, *Davis v. Salman*, No. 1:14-cv-00504-LAP, (S.D.N.Y. Jan. 30, 2014), ECF No. 5 (citing same); Order of Dismissal, *Davis v. City of New York*, No. 1:14-cv-01668-LAP, (S.D.N.Y. Apr. 1, 2014),

ECF Nos. 4 (citing same) & 5 (citing 28 U.S.C. § 1651); Order of Dismissal, *Davis v. Neal*, No. 1:13-cv-08700-LAP, (S.D.N.Y. July 7, 2014), ECF No. 8 (citing *Coppedge*, 369 U.S. at 444–45); Order of Dismissal, *Davis v. Project Renewal*, No. 1:18-cv-03412-CM, (S.D.N.Y. Apr. 19, 2018), ECF No. 5 (first citing Bar Order pursuant to 28 U.S.C. § 1651 from *Davis v. City of New York*, No. 1:14-cv-01668-LAP and then citing *Coppedge*, 369 U.S. at 444–45).

**SO ORDERED**, this 19th day of May, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
